UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00017-FDW

| TOMMY MCABEE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| ERIK A. HOOKS,[1] | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court upon Petitioner Tommy McAbee's pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 7.) Also before the Court is Petitioner's motion to appoint counsel. (Doc. No. 8.)

## I.  BACKGROUND

Petitioner is a prisoner of the State of North Carolina who pled guilty on September 9, 2016, in Madison County Superior Court, to two counts of drug trafficking. (Am. § 2254 Pet. 1-2, Doc. No. 7.) The trial court sentenced him to a minimum of 70 months and a maximum of 93 months in prison. (Am. § 2254 Pet. 1.) Petitioner did not appeal. (Am. § 2254 Pet. 2.)

On December 30, 2016, Petitioner filed a document titled "Motion for the State's Entire file after a Conviction" in the United States District Court for the Eastern District of North Carolina. (Doc. No. 1.) Based upon the allegations in the motion, the court directed Petitioner to

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a petition for writ of habeas corpus name the person who has immediate custody of the petitioner as the respondent in the action. Rule 2(a), 28 U.S.C. folio § 2254; see also Rumsfeld v. Padilla, 542 U.S. 426, 434–47 (2004) (stating the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge."). Erik A. Hooks, Secretary of the North Carolina Department of Public Safety, is the proper respondent in this habeas action.

1

refile it on the form prescribed for use in that court for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. No. 3.) That Order was entered on January 6, 2017, and notwithstanding that he was given 21 days to comply, Petitioner did not do so until January 21, 2018 (Am. § 2254 Pet. 16), when he filed the instant Amended Petition for Writ of Habeas Corpus. Thereafter, the Eastern District transferred the entire action to this Court, where venue is proper. (Doc. No. 9.)

The Amended Petition raises four grounds for relief, including ineffective assistance of counsel and violation of Miranda rights. The second and third grounds allege an illegal search and seizure of a cell phone, in violation of the Fourth Amendment, and that police planted evidence in Petitioner's car.

**II.    STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. The Court concludes that disposition of this Petition can be made based upon the record before it, and no response from the State is necessary.

**III.   DISCUSSION**

Under the Antiterrorism and Effective Death Penalty Act of 1986, a petitioner must exhaust his available state remedies before he may pursue habeas relief in federal district court. 28 U.S.C. § 2254(b)(1)(A).[2] That is, he must provide the state courts a full and fair opportunity

---

[2] 28 U.S.C. § 2254(b)(1) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254(b)(1)(A)

to resolve federal constitutional claims before those claims are presented through a habeas petition in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

"A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). "Fair presentation" requires a petitioner to show "that 'both the operative facts and the controlling legal principles [were] presented to the state court.'" Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010) (quoting Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000)). That means a petitioner must include a reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle him to relief, in his state court proceedings. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996). "[T]he presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." Baker, 220 F.3d at 289 (citing Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam)). Furthermore, the prisoner must present the federal claim to all appropriate state courts, including the highest appellate court established to review such a claim. See O'Sullivan, 526 U.S. at 845.

It is clear from the face of the Amended Petition that Petitioner has not exhausted any of the grounds raised therein. He did not file a direct appeal challenging his judgments (Am. § 2254 Pet. 2); nor did he seek post-conviction review by way of a motion for appropriate relief, see N.C. Gen. Stat. § 15A-1411, in the Madison County Superior Court, prior to filing his Amended Petition.

---

& (B).

Petitioner alleges that in "Jan/March 2017," he sent a letter to the "clerk of court" requesting court documents, including a transcript of his plea hearing, but received no response. (Am. § 2254 Pet. 3.) He further alleges he sent the clerk's office a motion for preparation of a stenographic transcript, an in forma pauperis affidavit, and a petition for writ of habeas corpus. Again, he received no response from the clerk's office. (Am. § 2254 Pet. 3.)

While no doubt frustrating, the Madison County Superior Court Clerk's unresponsiveness does not free Petitioner of the statutory exhaustion requirement. He has made a single attempt to obtain post-conviction review – a state petition for writ of habeas corpus. He has not, however, filed a motion for appropriate relief in the Madison County Superior Court, which is the primary mechanism by which he may seek post-conviction relief in the state courts. See N.C. Gen. Stat. §§ 15A-1411-15A-1421.

The claims raised in the Amended § 2254 Petition are unexhausted and shall be dismissed as such. The Court will dismiss the Amended Petition without prejudice so that Petitioner may cure the exhaustion defect and seek future habeas relief, if he wishes. Petitioner is forewarned, however, that there is a one-year statute of limitations that applies to the filing of a § 2254 petition. See 28 U.S.C. § 2244(d)(1).

**IT IS, THEREFORE, ORDERED** that:

1) The Amended Petition for Writ of Habeas Corpus (Doc. No. 7) is **DISMISSED** without prejudice as unexhausted;

2) Petitioner's motion to appoint counsel (Doc. No. 8) is **DENIED**;

3) The Clerk of Court shall substitute Erik A. Hooks for "State of North Carolina" as Respondent in this action; and

4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines

to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: June 4, 2018

*[Signature]*

Frank D. Whitney
Chief United States District Judge